DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

CHARLOTTE P. DAVIS a/k/a
CHARLOTTE POOLE DAVIS,

        Plaintiff,

v.

OSBERT POTTER, FMR. LT. GOV,
TREGENZA ROACH, LT. GOV.,
ALBERT BRYAN, GOV.,

        Defendants.

1:22-cv-00062-WAL-EAH

TO:    Charlotte P. Davis, *Pro Se*
        P.O. Box 25945
        Sunny Isles, VI 00824

### ORDER and REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on a Motion to Proceed *in Forma Pauperis* in a Non-Prisoner Civil Action, filed by Plaintiff, Charlotte P. Davis, proceeding pro se. Dkt. No. 6.

I.    **Motion to Proceed *in Forma Pauperis***

The authority to allow litigants to proceed without the prepayment of fees is found in 28 U.S.C. Section 1915. While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* ["IFP"] cases." *Stamos v. New Jersey*, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd* 396 F. App'x 394 (3d Cir. 2010). The decision whether to grant or deny an IFP application is based solely on the economic eligibility of the applicant, as demonstrated by the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

*Davis v. Potter*
1:22-cv-00062
Order and Report and Recommendation
Page 2

In her application, Plaintiff states that she is retired and receives bi-monthly pension income of $1,434; she has $6,000 in a bank account, and her monthly expenses are $1,299, with $450 in credit card debt. Dkt. No. 13. Nothing in Plaintiff's motion leads the Court to believe that Plaintiff is indigent or otherwise unable to pay the cost of proceedings. Therefore, the Court will deny the motion to proceed *in forma pauperis*.

## II.   Section 1915 (e)(2) screening

In all actions where a Plaintiff submits an application to proceed *in forma pauperis*, the Court must conduct an initial review pursuant to 28 U.S.C. § 1915(e)(2). Section (e)(2)(B) of the statute provides, in relevant part:

> [t]he court shall dismiss the case at any time if the court determines that-- ...
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's Complaint is difficult to follow. Dkt. No. 1. She has utilized the Court's Pro Se Civil Rights Complaint (non-prisoner) form, indicating that she is asserting a civil rights

*Davis v. Potter*
1:22-cv-00062
Order and Report and Recommendation
Page 3

complaint under 42 U.S.C. § 1983. She indicates that the events giving rise to her claims occurred on June 12, 2012 on St. Croix. *Id.* at 2. With regard to the essential facts of her case and damages, she indicates on the form "see attached complaint." *Id.* at 4, 5. However, Plaintiff did not attach any complaint setting forth the facts, her claims, and her request for damages. Rather, she attached a number of documents without any explanation of their significance.[1] Moreover, in the "relief requested" section of the complaint form, Plaintiff indicates that she is seeking an injunction to "remove from the records of Recorder of Deed, document captioned 'Special Deed' dated June 21, 2017." *Id.* at 5.[2]

A section 1983 plaintiff "must demonstrate that a person acting under the color of state law violated a right protected by the Constitution or laws of the United States." *Agarwal v. Schuylkill Cnty. Tax Claim Bureau*, 442 F. App'x 733, 735 (3d Cir. 2011) (citing *Kneipp v.*

---

[1] The attached documents include: (1) a July 9, 2013 Certificate of Purchase, (2) a July 29, 2013 Real Property Tax Clearance Letter; (3) a July 24, 2015 Notice of Cancellation of Property Tax Auction Sale; (4) a letter from Plaintiff to Lt. Gov. Potter, stamped October 27, 2015, concerning the Notice of Cancellation of Property Tax Auction Sale; (5) a July 15, 2021 Property Tax Delinquency List; (6) a September 28, 2021 Invoice from the Office of Tax Assessor (USVI); (7) a receipt of payment of property taxes on July 19, 2022; (8) a proof of payment for real property tax for 2013; (9) a 2021 Real Property Tax Clearance Certificate dated October 1, 2021; (10) a 2022 Real Property Tax Clearance Certificated dated July 20, 2022; (11) a Special Deed for Legally Deficient Auction, dated June 21, 2017; and (12) a Civil Cover Sheet. Dkt. Nos. 1-1 to 1-8.
[2] Plaintiff filed a Motion for Preliminary Injunction in which she requested an "Order directing Defendant to remove from the records of the Recorder of Deeds in the District of St. Croix, the document recorded against No. 44 Lowry Hill, captioned, 'Special Deed for Legally Deficient Auction' June 21, 2017, and recorded June 21, 2017, Doc. # 201 7992272, and any other lien, encumbrances or Memorandum relating to the June 5, 2012, tax sale auction of No. 44 Lowry Hill." Dkt. No. 7.

*Davis v. Potter*
1:22-cv-00062
Order and Report and Recommendation
Page 4

*Tedder,* 95 F.3d 1199, 1204 (3d Cir. 1996)). The first step is to "identify the exact contours of the underlying right said to have been violated" and to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 841 n. 5 (1998). The Virgin Islands applies its two-year statute of limitations for tort claims to § 1983 causes of action. *Callwood v. Questel,* 883 F.2d 272, 274 & n.2 (3d Cir. 1989).

Although Plaintiff's complaint indicates that she is bringing her claim(s) under § 1983, and she names as Defendants the current Governor of the Virgin Islands and the current and former Lieutenant Governors, she does not identify any constitutional right that the Defendants have violated. While she has filled out a § 1983 complaint form, she indicated that the facts supporting her claims and request for damages were set forth on an attached complaint—but no complaint was attached. Even if the Court were to consider Plaintiff's Motion for a Preliminary Injunction as the complaint, or as shedding light on Plaintiff's claims, all that can be discerned is that she wants a defective "Special Deed" dated June 21, 2017 removed from the records as well as any other liens related to a June 2012 tax sale of 44 Lowry Hill (that she does not directly state is her property) based on an allegedly defective Notice of Cancellation of Tax Auction Sale and the defective Special Deed. Dkt. No. 7. She does not explain how the documents are defective, nor does she specify the particular unconstitutional conduct of each Defendant named. Consequently, Plaintiff has not stated a claim under § 1983. Further, the 2012 tax sale and execution of an allegedly defective 2017 Special Deed took place outside the two-year statute of limitations for a § 1983 claim, which

*Davis v. Potter*
1:22-cv-00062
Order and Report and Recommendation
Page 5

provides another ground for failure to state a § 1983 claim. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (holding that a complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint).

The Third Circuit has declared that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3rd Cir. 2008). It is unclear whether amendment may be futile. It is therefore recommended that the Complaint be dismissed without prejudice to allow Plaintiff to amend her complaint to cure any deficiencies.

Based upon the foregoing, it is now hereby

**ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* in a Non-Prisoner Civil Action, Dkt. No. 6, is **DENIED**; and it is further

**ORDERED** that Plaintiff **shall pay the requisite filing fee[3] within 14 days from the date of this Order**; and it is further

---

[3] The present filing fee for this civil action is $402.00. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350[.]"). *See also* District Court of the Virgin Islands, Schedule of Court Fees, effective June 14, 2021 (explaining the District Court's $402.00 fee includes a $52 administrative fee). A plaintiff may pay the filing fee via check or cash. *See* District Court of the Virgin Islands, Schedule of Court Fees, effective June 14, 2021 (explaining "[c]hecks must have pre-printed name, address, telephone number and be made payable to: Clerk, District Court of the Virgin Islands").

*Davis v. Potter*
1:22-cv-00062
Order and Report and Recommendation
Page 6

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to amend within an appropriate time frame ordered by the District Court, and it is further

**RECOMMENDED** if Plaintiff does not pay the filing fee by the time she files an Amended Complaint, if any, that the case be **DISMISSED**; and it is further

**RECOMMENDED** that Plaintiff's Motion for a Preliminary Injunction, Dkt. No. 7, be **DENIED AS MOOT**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall mail a copy of this Order and Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested.

ENTER:

Dated: December 5, 2022

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE