IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

DISTRICT OF ST. CROIX

| | |
|---|---|
| **CHARLOTTE P DAVIS a/k/a CHARLOTTE POOLE DAVIS** | **Jurisdiction: 14th Amendment of United States Constitution** |
| Plaintiff | |
| | Actions for Declaratory Judgment |
| | Preliminary Injunction, |
| VS. | Permanent Injunction |
| | Slander of Title/Damages |
| **OSBERT POTTER, Former Lt. Governor of The Virgin Islands** | |
| **TRENGENZA ROACH, Lt. Governor of the Virgin Islands** | |
| **Office of the Lt. Governor/Government of the Virgin Islands** | |
| **ALBERT BRYAN, JR., Governor of the Virgin Islands** | |
| **GOVERNMENT OF THE VIRGIN ISLANDS** | |
| **Defendants** | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, pro se, and on her own behalf, and as and for her Amended Complaint states as follows:

1. Plaintiff is, and was, at all times mentioned herein, a resident of the Virgin Islands, residing in the district of St. Croix since 1997.
2. That during the period of January 2013 through December, 2017, Osbert Potter was duly elected and served as the Lt. Governor of the Virgin Islands.

3. That at all times mentioned herein, Defendant Potter stated on official documents and otherwise indicated that he was acting in his official capacity as Lt. Governor of the Virgin Islands.
4. That Tregenza Roach is and was duly elected as Lt. Governor of the Virgin Islands, serving in that capacity from January, 2018, to present.
5. That at all times mentioned herein, Defendant Roach acted or failed to act in his official capacity as Lt. Governor of the Virgin Islands.
6. That the Office of the Lt. Governor is an administrative arm, division or agency of the Government of the Virgin Islands.
7. That the Government of the Virgin Islands is an unincorporated territory of the United States, organized under the Organic Act of the Virgin Islands, passed by Congress in 1936 and amended in 1954.
8. That Albert Bryan, Jr. is and has been the duly elected Governor of the Virgin Islands since January of 2018.
9. That this Court has jurisdiction of this matter pursuant to T. 28 USC Section 2201, Rule 57 & 65 of the Federal Rules of Civil Procedure, T. 28 USC Ch 85, and the 14th Amendment of the United States Constitution for the deprivation of Plaintiff's due process rights as a result of Defendants' arbitrary taking of Plaintiff's real property contrary to T.33 without notice, just cause and due process of law.
10. That Title 33 VIC Section 2549 (4) is overly broad and violates the 14th amendment of the United States Constitution, which allows the Lt. Governor to void lawfully issued Certificates of Purchase without affording the purchaser notice and due process of law.

**COUNT I**

**DECLARATORY JUDGEMENT**

11. That Plaintiff realleges and restates the allegations of paragraphs 1 through 8.

12. That on ***June 5, 2012***, Plaintiff purchased Plot No. 44 Lowry Hill, Eastend "A" Quarter, consisting of 0.533 acres for $18,100.00 at a public tax auction sale conducted by the Lt. Governor's Tax Collection Office, held at the VI Cardiac Center in the District of St. Croix. The property was sold for nonpayment of delinquent property taxes by the owners, Mickens, Haywood & Vertelle for the years, 1992-2009.

13. On July 9, 2013, more than one year after the redemption period, a Certificate of Purchase (referred to as the Deed in said document) was issued and recorded by Lt. Governor Osbert Potter, conveying title to Plot No. 44 Lowry Hill to Plaintiff pursuant to T. 33 VIC Section 2551, (See Exhibit 1).

14. That more than two years subsequent to Plaintiff having acquired title to No. 44 Lowry Hill, the Lt. Governor's Office issued an unsigned Memo on Lt. Governor Potter's letterhead dated July 24, 2015, captioned, "Notice of Cancellation of Tax Auction Sale", which was sent to Plaintiff, essentially purporting to cancel a ***January 18, 2012*** tax auction sale and Plaintiff's title to No. 44 Lowry Hill. (See Exhibit 2)

15. The Lt. Governor's July 24, 2015, Memo stated that "The tax sale referenced herein (***January 18, 2012***) is void. You did not acquire title and ownership of the property remains with the original owners."

16. That on October 27, 2015, Plaintiff submitted a letter to Lt. Governor Potter advising him that the July 24, 2015, Notice of Cancellation of Tax Auction Sale, referencing a ***January 18, 2012*** Tax Auction Sale, was defective, among other reasons, since she purchased 44 Lowry Hill at the ***June 5, 2012*** tax auction sale, as reflected on Plaintiff's Certificate of Purchase. (See Exhibit 3)

17. That Plaintiff never received any Notice of Cancellation of Tax Auction Sale for the June 5. 2012 Tax Auction Sale held at the VI Cardiac Center in the District of St. Croix.

18. That there was no illegality or fraud involved in the subject transaction; and Defendants never gave Plaintiff notice of any illegality in the transaction or any illegality or fraud committed during the Lt. Governor's Office's conducting of the ***June 5, 2012*** Tax Auction Sale held in the District of St. Croix.

19. That Defendants never responded to Plaintiff's October 27, 2015, letter and numerous telephone calls to both former Lt. Governor and the present Lt. Governor.

20. That sometime in August, 2021, Plaintiff learned of the Lt. Governor's published Property Delinquency Tax List, which stated, " As of ***July 15, 2021,*** The records of the Office of the Lt. Governor indicate that the property owners listed below are delinquent on their payment of taxes. This list of property taxes for tax years 2015 and prior years is being published pursuant to Virgin Islands Code Title 33 Section 2596, which states: "the Lieutenant Governor shall publish the name of all

delinquent real property tax owners once in a different newspaper of general circulation in each island district, and such publication shall be deemed notice to the taxpayer of the impending sale of the property." (See attached Exhibit 4)

21. That Plaintiff's name was listed on the above-described Property Tax Delinquency List as the property owner of Parcel No.2-05100-0298-00, (which legal description is 44 Lowry Hill), owing $620.00.

22. That on September 28, 2021, Plaintiff paid all property taxes owed on 44 Lowry Hill at that time, totaling $831.77, to avoid the threatened sale of the property for non-payment of property taxes, as stated in the Property Tax Delinquency List published in the local newspaper and on the Lt. Governor's website. (See attached Exhibit 5)

23. That on October 1, 2021, Plaintiff was issued a Real Property Tax Clearance Letter by the Office of the Lt. Governor as the owner of that property, after the required payment of the 2022 Real Property Tax Bill. (See attached Exhibit 6)

24. That on or about July 18, 2022, Plaintiff submitted a document to Cadastral, (a division of the Lt. Governor's Office), for recording against 44 Lowry Hill along with the Tax Clearance letter which listed Plaintiff as the owner of that property, which was returned to Plaintiff by Cadastral, for minor corrections and verification of ownership with the Recorder of Deeds.

25. That upon checking with the Recorder of Deeds, Plaintiff was informed by the Office of the Recorder of Deeds that 44 Lowry Hill was recorded

in the name of Hayward Mickens & Vertielle Cameron pursuant to a **Special Deed For Legally Deficient Auction** dated June 21, 2017, which was on Office of the Lt. Governor's Real Property Tax Division letterhead and signed by Lt. Governor Osbert Potter. (See Exhibit 7)

26. That the aforementioned Special Deed does not conform to the local statutory requirements of a Deed; it is neither witnessed nor notarized, and the cited authority, T. 33 VIC Section 2541 & 2549 does not support any authority or instances where the Lt. Governor has the authority to issue a Special Deed for real property that does not belong to the Lt. Governor or the Government.

27. That the Special Deed is improper in form as stated above, and in substance, inasmuch as, it does not reference the date of the deficient tax auction sale, and it fails to provide any supporting reference to any findings or reasons for voiding the Plaintiff's lawfully issued Certificate of Purchase dated July 9, 2013.

28. That at all times mentioned herein Defendants continued to retain the purchase price of $18,100.00 paid to the Lt. Governor's office as demanded and required at the June 5, 2012, Tax Auction Sale.

29. That Defendants have arbitrarily deemed some tax auction sales legally deficient and arbitrarily cancelled some transactions, while allowing others to stand.

30. That Defendants' acts as described herein, were arbitrary, capricious, discriminatory, and constituted a taking of Plaintiff's real property without any due process and in violation of the fourteenth amendment to the United States Constitution.

31. That Defendant Lt. Governor Roach failed to take any action to correct or remove the cloud of title over Plaintiff's property caused by the Lt. Governor's Office's issuance of the defective July 24, 2015 "Notice of Cancellation of Tax Auction Sale" for a January 18, 2012 tax auction sale and the improperly executed "Special Deed for Legally Deficient Auction, dated June 21, 2017.

32. That all of the Defendants ratified and affirmed the acts of Defendant Lt. Governor Potter and further participated in the deprivation of Plaintiff's due process rights, by failing to take any action to correct and remove defective and improperly executed documents creating a cloud over title issued to Plaintiff on July 9, 2013, to No. 44 Lowry Hill.

33. That the facts as set out in this Complaint, clearly establish that there is an actual controversy regarding the title and ownership of No. 44 Lowry Hill, Eastend "A" Quarter. Plaintiff claims title to the property by the Certificate of Purchase dated July 9, 2013, issued by the Lt. Governor; however, the records of the Recorder of Deeds, shows the 'Special Deed for Legally Deficient Auction' was issued by the Lt. Governor on June 21, 2017, in favor of the prior owners, Mickens, Hayward & Cameron Vertelle, as the record owner of No. 44 Lowry Hill, which Plaintiff alleges is defective, invalid and ineffective to transfer title of said property.

34. That the Plaintiff seeks a declaratory judgment as to whether the July 24, 2015, Notice of Cancellation of Tax Auction Sale was effective notice of the cancellation of the ***June 5, 2012*** tax auction sale, at which Plaintiff purchased No. 44 Lowry Hill.

**PRELIMINARY/PERMANENT INJUNCTION**

That Plaintiff realleges and restates paragraphs 1 through 38.

39. That as a result of Defendants actions as stated in the foregoing paragraphs, Plaintiff has suffered irreparable injury, including:

a) The lost of the right to peacefully enjoy uninterrupted title and ownership of No, 44 Lowry Hill after conveyance of title to said property to her on July 9, 2013;
b) Inability to continue the design, development & construction planned for No. 44 Lowry Hill
c) Inability to use property as collateral or security for planned development;
d) Inability to make any further conveyances of property to Plaintiff's children, who also invested in the subject property.

40. That the remedies available at law, such as monetary damages are inadequate to compensate Plaintiff's injuries, since real property is unique, and the subject property is situated in a location and area that cannot be duplicated, and her family plans and design are particularly suited to the property, which Plaintiff had already commenced developing.

41. That the defective July 24, 2015, Notice of Cancellation of Tax Auction Sale, only offered Plaintiff the statutory remedy of a refund of the purchase price of $18,100.00 plus interest to be calculated at a later date.

42. That the remedy at law is totally inadequate to compensate Plaintiff for the value of the ½ acre of land purchased over ten years ago; and there is no adequate monetary compensation for the unique and intrinsic value of the property to Plaintiff and her children, who have also expended substantial money, time, energy and labor clearing, planting, and shaping the property, which was just a wilderness, to suit their plans and needs for use of the property,

43. The irreparable injury Plaintiff has suffered far outweighs any damage the proposed injunction may cause Defendants, none of whom have any investment in said property or ownership rights; and there is no public interest in the subject property or this dispute, since the property is for private residential use.

44. The balance of equities weighs in favor of Plaintiff, given the defective Notice of Cancellation of Tax Auction Sale, the defective Special Deed for Legally Deficient Auction, and the legitimate constitutional challenge to T. 33 VIC 2549(4), Plaintiff is entitled to injunctive relief.

**COUNT III: SLANDER OF TITLE/DAMAGES**

45. That Plaintiff realleges and restates paragraphs 1 through 44.

46. That Defendants through the Office of the Lt. Governor, published false, inaccurate, and disparaging statements regarding No. 44 Lowry Hill, in its July 24, 2015, Memo sent to Plaintiff, which stated essentially:

1) The ***January 18, 2012*** tax sale was VOID;

2) Plaintiff did not acquire title and ownership of the property, No. 44 Lowry Hill, and title still remains with the original owner'.

47.That Defendant Lt. Governor Potter did in fact issue and record a Certificate of Purchase for No.44 Lowry Hill on July 9, 2013, conveying title to Plaintiff, more than one year after the statutory redemption period had expired.

48.That Defendants' own records reveal that the subject property was purchased at a ***June 5, 2012,*** tax auction sale for the nonpayment of taxes from 1992-2009; and No Notice was sent to Plaintiff voiding the ***June 5, 2012 tax auction sale*** or any document indicating any reason for voiding that sale; and Plaintiff further reminded Defendants in her October 27, 2015, letter to Lt. Governor Potter, of the date of the tax auction sale when she purchased the property.

49.That on June 21, 2017, Defendant Lt. Governor Potter again published and recorded in the Office of the Recorder of Deeds false, inaccurate, and disparaging statements regarding No. 44 Lowry Hill, by issuing a Special Deed for Legally Deficient Auction, (invalid in form & substance as stated in paragraphs 26-28) purporting to convey title to Hayward Mickens and Vertielle Cameron, without Defendants' having any ownership interest or right to convey title via a deed, without making any reference to any legal deficiency of the ***June 5, 2012,*** tax auction sale and/or the voidance of Plaintiff's July 9, 2013, Certificate of Purchase, all while continuing to retain the purchase monies paid by Plaintiff for No. 44 Lowry Hill.

50. That as a result of Defendants' actions, Plaintiff has suffered the loss of the use of the property and the delay in her design, development and construction plans for more than seven years; the loss of the inclusion of the property as an asset for credit purposes or as collateral to obtain financing; and the inability to make any conveyance of the property, specifically to add Plaintiff's son name on the property, who had also invested in the property.

51. That Defendant Lt. Governor Potter issued and recorded the June 21, 2017, Special Deed for Legally Deficient Auction, with the intent to deprive Plaintiff of her interest and title to No. 44 Lowry Hill, although he nor the Government had any ownership interest or authority to convey title to said property via a deed.

52. Sometime in 2021, Defendants published a Property Delinquency Tax List advising property owners to pay all of their delinquent taxes to avoid sale of their property. Plaintiff's name was included on the list as the owner of No. 44 Lowry, which prompted Plaintiff to pay the delinquent taxes, obtain a tax clearance letter and commence clearing the property once again.

53. That at the time the Defendants published the Property Delinquency Tax List, listing Plaintiff as the delinquent property owner of No. 44 Lowry Hill, Defendants still had on file in the Office of the Recorder of Deeds, the June 21, 2017, Special Deed in favor of Hayward & Vertielle Cameron as owners of No. 44 Lowry Hill 2021, all of which was inconsistent, false, inaccurate, and disparaging to Plaintiff & Plaintiff's title.

54. That Plaintiff is entitled to damages from Defendant Government of the Virgin Islands in an amount within the jurisdictional limits of this Court for Slander of Title (Restatement (Second) of Torts, Section 623A) of No. 44 Lowry Hill, Eastend Quarter "A", which Defendants wrongfully purported to convey title to the prior owners of said property; Defendants further refused to remove the cloud of title, knowing they had not given Plaintiff any notice of cancellation or voidance of the ***June 5, 2012*** tax auction sale, where she purchased the property, and knowing that they had only issued a notice to Plaintiff for the cancellation and voidance of a ***January 18, 2012*** tax auction sale without notice or any stated reasons for voidance of that auction sale.

**WHEREFORE** Plaintiff prays for the following relief:

1. As to Count I, a Declaratory Judgement declaring the rights, title and ownership of No. 44 Lo, and wry Hill, Eastend "A" Quarter, St. Croix, Virgin Islands, described as Parcel No. 2-05100-0298-00.
2. As to Count II, Preliminary/Permanent Injunction, Issuance of an Order directing Defendants to remove from the records of the Recorder Deeds the document recorded against No, 44 Lowry Hill, St. Croix, Virgin Islands, captioned "Special Deed for Legally Deficient Auction" dated June 21, 2017, and recorded June 2l, 2017, Doc #201 7002272 and any other lien, encumbrances or Memorandum relating to the June 5, 2012, auction of the afore described property.

1. As to Count III, Slander of Title/ and Damages, damages within the jurisdictional limits of this Court.
2. Court cost and expenses for the prosecution of this Complaint.
3. For such other and further relief this Court deems just & proper.

Plaintiff, having read the foregoing Amended Complaint verifies that the allegations contained therein are true and correct to the best of my knowledge.

Charlotte Poole Davis

CHARLOTTE P. DAVIS A/K/A
CHARLOTTE POOLE DAVIS

On the 6th day of December, 2022, before me Sharon B. Williams, Notary Public appeared Charlotte P. Davis, a/k/a Charlotte Poole Davis, to me known, and proven to be the person who signed the foregoing Amended Complaint, and acknowledged to me that she executed same.

SHARON B. WILLIAMS
NOTARY PUBLIC
TERRITORY OF ST. CROIX
U.S. VIRGIN ISLANDS
NP-238-19
COMM.EXP. JUNE 28, 2023

Sharon B. Williams

NOTARY PUBLIC
Expires 06/28/2023

Seal

SHARON B. WILLIAMS Notary Public ST. CROIX, U.S.V.I.