# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

CHARLOTTE P. DAVIS a/k/a
CHARLOTTE POOLE DAVIS,

        Plaintiff,                         1:22-cv-00062-WAL-EAH

      v.

OSBERT POTTER, Former Lt.
Governor of the Virgin Islands,
TREGENZA ROACH,
Lt. Governor of the Virgin Islands,
Office of the Lt. Governor/
Government of the Virgin Islands,
ALBERT BRYAN, JR.,
Governor of the Virgin Islands,
GOVERNMENT OF THE
VIRGIN ISLANDS,

        Defendants.
_____

TO:    Charlotte P. Davis, *Pro Se*
         Venetia H. Velazquez, Esq.

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on an Order by the District Court for a Report & Recommendation ("R&R"), Dkt. No. 26, on the Motion for a Preliminary Injunction filed by Plaintiff Charlotte P. Davis, who appears pro se. Dkt. No. 16. For the reasons that follow, the Court recommends that the Motion for a Preliminary Injunction, Dkt. No. 16, be DENIED, and that an earlier-filed Motion for a Preliminary Injunction, Dkt. No. 7, be DENIED AS MOOT.

## BACKGROUND

Davis filed her original complaint on December 2, 2022, Dkt. No. 1, along with a motion to proceed in forma pauperis, Dkt. No. 6, and a motion for a preliminary injunction,

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 2

Dkt. No. 7. This Court denied the motion to proceed in forma pauperis, and recommended that the Complaint be dismissed, with permission to replead, and that the motion for a preliminary injunction be denied as moot.[1] Dkt. No. 9. The next day, Davis paid the filing fee and filed an Amended Complaint. Dkt. No. 11.

Davis asserted that, on June 5, 2012, she purchased land in Lowry Hill, St. Croix (the "Property"), for $18,100 at a public tax auction sale conducted by the Lt. Governor's Tax Collection Office; the Property was being auctioned based on nonpayment of property taxes from 1992-2009 by the owners. *Id.* ¶ 12. In July 2013, more than one year after the redemption period, a Certificate of Purchase was issued and recorded, conveying title to the Property to Davis. *Id.* ¶ 13; Dkt. No. 11-1. More than two years after Davis acquired title, Lt. Governor Potter's Office issued a "Notice of Cancellation of Tax Auction Sale" dated July 24, 2015. The Notice stated that the January 18, 2012 tax sale was void, Davis did not acquire title to the Property, and the ownership of the Property remained with the original owners. *Id.* ¶¶ 14, 15, Dkt. No. 11-2.

On October 27, 2015, Davis wrote Lt. Gov. Potter stating that the July 2015 Notice of Cancellation that referred to a *January 2012* Tax Sale was defective because, inter alia, she purchased the Property at a *June 2012* tax sale, as shown on the Certificate of Purchase. *Id.* ¶

---

[1] Because the district court did not address the Report & Recommendation that, inter alia, recommended dismissal of Davis's earlier motion for a preliminary injunction as moot, Dkt. No. 9, the undersigned includes the same recommended disposition here to insure a clean record on the motions for a preliminary injunction.

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 3

16; Dkt. No. 11-3. Davis alleged that she never received any Notice of Cancellation of Tax Auction Sale for the June 2012 sale; there was no illegality or fraud in her transaction or in the June 2012 tax sale; and the Defendants never responded to her October 2015 letter or telephone calls directed to the former and current Lieutenant Governors. *Id.* at ¶¶ 17-19.

In August 2021, Davis learned that the Lt. Governor's Office published a Property Delinquency Tax List showing property owners who were delinquent on their property taxes as of July 15, 2021. The List indicated that Davis was the owner of the Property and showed that $620.00 was owed. *Id.* at ¶¶ 20, 21; Dkt. No. 11-4. In September 2021, she paid all taxes owed on the Property, totaling $831.77, and in October 2021, she was issued a Real Property Tax Clearance Letter by the Lt. Governor's Office as owner of the Property. *Id*. ¶¶ 22, 23; Dkt. Nos. 11-5, 11-6.

In July 2022, Davis submitted a document to Cadastral (a division of the Lt. Governor's Office) for recording against the Property, along with the Tax Clearance Letter listing her as the owner; the documents were returned for minor corrections and verification of ownership. *Id.* ¶ 24. When she checked with the Recorder of Deeds, she was informed that the Property was recorded in the name of the previous owners pursuant to a Special Deed for Legally Deficient Auction, on Office of the Lt. Governor Real Property Tax Division letterhead, dated June 21, 2017 and signed by Defendant Potter. *Id*. ¶ 25; Dkt. No. 11-7.

Davis alleged that the Special Deed did not conform to local deed requirements; the Virgin Islands Code did not authorize the Lt. Governor to issue a Special Deed for property

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 4

that did not belong to the Government; and the Special Deed did not reference the date of the deficient tax sale or any reasons for voiding the July 2013 Certificate of Purchase. *Id*. ¶¶ 26, 27. Davis asserted that the Defendants' acts—including retaining the $18,100 purchase price, arbitrarily deeming some tax sales deficient or arbitrarily cancelling some transactions—were capricious, discriminatory, and constituted a taking of her real property without due process and in violation of the Fourteenth Amendment. *Id.* at ¶¶ 9, 28-30. Lt. Gov. Roach failed to take any action to remove the cloud over Davis's Property, and all Defendants ratified the acts of Defendant Potter and participated in the deprivation of Davis's due process rights by failing to take any action to correct the defective documents. *Id.* ¶¶ 31, 32. She asserts that there is an "actual controversy regarding the title and ownership" of the Property; she claims title per the Certificate of Purchase, although the records show that the Special Deed was issued in 2017 and shows the prior owners were the record owners, although that deed was defective; and seeks a declaratory judgment whether the July 2015 cancellation of the tax auction sale was effective notice of the cancellation of the June 2012 sale. *Id*. ¶¶ 33, 34. Davis also contends that 33 V.I.C. § 2549(4)[2] is "overly broad

---

[2] Title 33, Section 2549, entitled "Penalties for improperly conducting a tax . . . auction" provides, in pertinent part:
    (a) If the Lieutenant Governor or any person acting on his behalf-
        * * *
        (4) knowingly or willfully issues a certificate of purchase of real or personal property so sold-
    then the Lieutenant Governor or such person shall pay the injured party all damages sustained thereby, and all such sales shall be void.
5 V.I. C. § 2549(a)(4).

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 5

and violates the 14th Amendment of the United States Constitution, which allows the Lt. Governor to void lawfully issued Certificates of Purchase without affording the purchaser notice and due process of law." *Id.* ¶ 10.

The Amended Complaint included a request for a "Preliminary/Permanent Injunction," in which Davis claimed that she suffered irreparable injury, such as the right to enjoy title and ownership of the Property or to further convey it; monetary damages were inadequate to compensate her since real property was unique; and the defective notice of cancellation of tax sale offered her a refund of only the $18,100.00 purchase price and interest, which could not compensate her for the value of the land purchased over 10 years ago. *Id.* ¶¶ 39-41. In addition, the injury she suffered outweighed any damage the proposed injunction may cause Defendants who have no ownership rights in the Property, and the balance of equities weighed in her favor, given the defective Notice of Cancellation of Tax Sale and Special Deed, and her legitimate constitutional challenge to 33 V.I.C. § 2549(4). *Id.* ¶¶ 43, 44. She asserted a claim for Slander of Title. *Id.* at 9-12. In her prayer for relief, she sought declaratory judgment declaring the rights to the Property; issuance of a preliminary/ permanent injunction; and damages for slander of title. *Id.* at 12-13.

Davis filed an Amended Motion for Preliminary Injunction on February 3, 2023, in which she sought an "Order directing Defendants to remove from the records of the Recorder of Deeds. . . the document recorded against No. 44 Lowry Hill, captioned 'Special Deed for

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 6

Legally Deficient Auction' June 21, 2017, . . . and any other lien, encumbrances or Memorandum relating to the June 5, 2012, tax sale of No. 44 Lowry Hill." Dkt. No. 16 at 1-2. She set forth the following grounds for relief: (1) she will suffer irreparable harm since the real property is unique, cannot be duplicated, and has been prepared for specific use in her family, which she will be unable to effect until the cloud over the title is removed; (2) the remedy at law—refund of the purchase price—cannot compensate her for the monetary value of the property purchased more than 10 years ago or the intrinsic value of the property to her; (3) the threatened injury to her far outweighs any injury to Defendants who have no investment or legal interest in the property; and (4) the facts of the case and relevant law support a strong likelihood that she will prevail on the merits, considering the defective Notice of Cancellation of Tax Sale and Special Deed for Legally Deficient Auction. *Id.* at 2-3.

Defendants filed an answer, Dkt. No. 20, but did not respond to the Amended Motion for Preliminary Injunction.

**DISCUSSION**

Under Rule 65 of the Federal Rules of Civil Procedure, a court may grant injunctive relief with a preliminary injunction. *Am. Tel. & Tel. Co. v. Winback & Conserve Prog. Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). A motion for a preliminary injunction may seek either "prohibitory" or "mandatory" relief. *C.G. v. Saucon Valley Sch. Dist.*, 571 F. Supp. 3d 430, 438 (E.D. Pa. 2021). A prohibitory injunction is more common, and "maintains 'the status quo until a decision on the merits of a case is rendered.'" *Id.* (quoting *Acierno v. New Castle Cnty.*,

40 F.3d 645, 647 (3d Cir. 1994)). A mandatory injunction "alters the status quo by commanding some positive action or providing the moving party with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Id.* (quoting *Pub. Int. Legal Found. v. Boockvar*, 495 F. Supp. 3d 354, 358 (M.D. Pa. 2020)). The status quo is defined as "the last peaceable, noncontested status of the parties." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted).

In order to obtain a preliminary injunction, a moving party must establish "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakers USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010). The first two factors are particularly important as they are considered "threshold showings." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319 (3d Cir. 2020) (internal quotation marks omitted). Nevertheless, the "failure to establish any element . . . renders a preliminary injunction inappropriate." *Ferring Pharms., Inc. v. Watson Pharms., Inc.,* 765 F.3d 205, 210 (3d Cir. 2014) (internal quotation marks omitted).

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc.,* 369 F.3d at 708 (internal quotation marks omitted). A movant faces a "heavy burden," *Lane v. New Jersey*, 753 F. App'x 129, 131 (3d Cir.

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 8

2018), and "must establish entitlement to [injunctive] relief by clear evidence." *Doe ex rel. Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018).

## I. Preliminary Issue

As a preliminary issue, the Court considers whether the preliminary injunction Davis seeks is a prohibitory or mandatory one. That question revolves around whether she wishes to maintain or alter the status quo. She asks the Court for an "Order directing Defendants to remove from the records of the Recorder of Deeds. . . the document recorded against No. 44 Lowry Hill, captioned 'Special Deed for Legally Deficient Auction' June 21, 2017" and any other liens relating to the June 5, 2012, tax sale of the Property. Dkt. No. 16 at 1-2.

As indicated above, the status quo is defined as "the last peaceable, non-contested status between the parties." *Kos Pharms., Inc.*, 369 F.3d at 708. Given the circumstances here, that point would be prior to Davis's purchase of the Property at the tax sale in 2012, since after she purchased it, her ownership was contested by the VI Government, and she contested the Government's position. Consequently, by seeking to return the Property to her ownership by removing the Special Deed and other documents indicating that she does not own the Property, she seeks a mandatory injunction.

## II. Subject Matter Jurisdiction

Davis based federal court jurisdiction on diversity, Dkt. No. 1-8, checking the box on the Civil Cover Sheet that she was a citizen of the Virgin Islands, and that Defendants were incorporated or had their principal place of business in the Virgin Islands, Dkt. No. 1-8, and

asserted only a Virgin Islands slander of title claim.[3] Federal courts "have an independent obligation to satisfy themselves of jurisdiction if it is in doubt," *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003), and can "raise subject matter jurisdiction concerns sua sponte," *Lewis v. Citibank, N.A.*, 179 F. Supp. 3d 458, 460 (E.D. Pa. 2016). On its face, the complaint does not indicate that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, given that Davis bought the Property for $18,100, or that the lawsuit is between citizens of different states, as required for diversity jurisdiction. 28 U.S.C. § 1332. Therefore, the Amended Complaint would be subject to dismissal on the ground that the Court lacked subject matter jurisdiction over it.

However, because Davis is appearing pro se, the Court reads the Amended Complaint liberally, *Stagliano v. Coll*, 2023 WL 3943732, at * 1 n.2 (3d Cir. 2023), and concludes that Davis has attempted to assert constitutional claim(s) under 42 U.S.C. § 1983 against the individual Defendants, current and former state officials. She mentions in passing "takings," "due process," and the Fourteenth Amendment, asserting that the Defendants have violated those rights through their actions by either improperly following a local statute, or by following an unconstitutional local statute. The Court will therefore assume, for purposes of this Report & Recommendation, that Davis has raised constitutional claims so as to invoke federal question jurisdiction under § 1983, thereby conferring subject matter jurisdiction

---

[3] Davis's Amended Complaint sets forth declaratory judgment as Count I. Dkt. No. 11 at 3. But declaratory judgment is a remedy, not a cause of action. *Campbell v. Pa. Sch. Bds. Assoc.*, 336 F. Supp. 3d 482, 504 (E.D. Pa. 2018).

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 10

over her Amended Complaint. But even construing her complaint liberally, and even assuming that Davis can meet the likelihood of success on the merits factor, she cannot meet the irreparable injury component because she has not shown that her injury cannot be compensated by monetary damages or that it is imminent, and therefore her motion for a preliminary injunction fails.

### III. Likelihood of Success on the Merits

Davis argues that the facts of the case and relevant law show a strong likelihood that she will prevail on the merits, considering the defective Notice of Cancellation of Tax Sale and Special Deed for Legally Deficient Auction. Dkt. No. 16 at 3. This contention is entirely conclusory, as it assumes that the defects in the documents rise to the level of constitutional claims, and she provides no supporting case law or factual development of her alleged constitutional claims. Further, it is unclear whether Davis may have run afoul of the two-year statute of limitations for § 1983 claims, given that she first learned of her injury when she received the Notice of Cancellation of Tax Auction Sale dated July 24, 2015 and she filed her lawsuit in 2022. It is also unclear whether any tolling doctrine may apply, such as the continuing violation doctrine. Having discovered the existence of the 2017 Special Deed in 2022 may very well be a continued ill *effect* from the original 2015 violation, not a new unlawful *act,* foreclosing the continuing violation doctrine. *Weis–Buy Servs., Inc. v. Paglia,* 411 F.3d 415, 423 (3d Cir. 2005). However, even if the Court were to assume that Davis stated § 1983 claims that were not barred by the statute of limitations and had showed a likelihood

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 11

of success on the merits of her claims, this Court would still recommend denying her motion for a preliminary injunction on the ground that she failed to establish irreparable harm.

### IV. Irreparable Harm

In both her original motion for a preliminary injunction and her amended motion, Davis contends that she will suffer irreparable harm because the Property is unique and will be put to specific use in her family, which she cannot effect until the cloud over the title is removed. She adds that a legal remedy—refund of the purchase price—could not compensate her for the monetary value of the property purchased over a decade ago or the intrinsic value of the Property, although she does not explain why not. Dkt. No. 11 ¶¶ 39-41; Dkt. No. 16 at 2.

"The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 485 (3d Cir. 2000); *see Acierno*, 40 F.3d at 653 ("[T]he injury . . . must be of such a peculiar nature, so that compensation in money alone cannot atone for it." (internal quotation marks omitted)). The "dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat." *Adams,* 204 F.3d at 487, 488. In other words, the irreparable harm alleged must be "actual and imminent, not merely speculative. . . . [T]he moving party must make a clear showing of *immediate* irreparable harm." *Shabazz v. Delaware Dep't of Corr.,* C.A. No. 16-570, 2020 WL 998541, at *2 (D. Del. Mar. 2, 2020)

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 12

(internal quotation marks and citations omitted). In addition, delay in seeking an injunction is relevant in assessing irreparable harm. *Otsuka Pharm. Co. v. Torrent Pharms. Ltd., Inc.*, 99 F. Supp. 3d 461, 503–04 (D.N.J. 2015) (citing, inter alia, *Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364, 1382 (Fed. Cir. 2005) (generally noting that delay "negates the idea of irreparability")). In short, "'[t]he preliminary injunction must be the only way of protecting the plaintiff from harm.'" *Shabazz*, 2020 WL 998541, at *2 (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)).

Davis's allegations do not show that she will suffer irreparable harm to warrant granting a preliminary injunction.[4] The harm—cancellation of the 2012 tax sale—occurred in 2015, which was confirmed in 2017 with the issuance of the Special Deed. Even if the Court considers that Davis learned about the 2017 Special Deed in July 2022—which essentially affirmed the fact that the Government had declared in July 2015 that Davis no longer had title to the Property because the tax sale involving the property was cancelled—she did not file her complaint until December 2022, approximately four months later. The harm to Davis's ownership interests happened years ago and was affirmed months before she filed her complaint. She was not on the verge of suffering imminent harm that she would lose title

---

[4] The Supreme Court has held, in the context of First Amendment violations, that deprivation of such rights can constitute irreparable harm justifying injunctive relief. *See Elrod v. Burns,* 427 U.S. 347, 373 (1976). Subsequently, the Third Circuit observed "[c]onstitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction." *Hohe v. Casey,* 868 F.2d 69, 73 (3d Cir. 1989). To warrant the extraordinary remedy of a preliminary injunction, Davis would need to flesh out her constitutional claims much more than she has done in her amended complaint.

*Davis v. Potter*
1:22-cv-00062
Report and Recommendation
Page 13

to her property from a presently existing threat to warrant the issuance of a preliminary injunction.

In addition, the 2015 Notice of Cancellation of Tax Sale indicated that Davis would be reimbursed the purchase price of the property, plus interest. Dkt. No. 11-2. Davis asserts in vague terms that because of the property's uniqueness and anticipated use in her family, monetary reimbursement will not be enough to rectify her injury. But other than these conclusory statements predicated on the truism that all property is unique, she has not presented any facts, for example, that this particular Property was integral to her family's future plans, to support her position that her injury cannot adequately be compensated after the fact by monetary damages, much less that she is about to suffer immediate injury. Argument paired with conclusory allegations alone is insufficient. *See, e.g.*, *Boyer v. Taylor*, C.A. No. 06-694-GMS, 2012 WL 1132786, at *3 (D. Del. March 30, 2012) ("The plaintiffs allege in a conclusory manner that the failure to issue injunctive relief could result in death or severe illness. The plaintiffs provide argument, but no evidence, in support . . . [Thus, t]he plaintiffs fail to meet the requisites for injunctive relief."); *Cornette v. Graver*, 473 F. Supp. 3d 437, 476 (W.D. Pa. 2020) (plaintiff cannot establish irreparable harm on the basis of "bald and conclusory statements") (internal quotation marks omitted).

Given that a failure to establish any one of the factors renders a preliminary injunction inappropriate, *Ferring*, 765 F.3d at 210, and Davis has failed to establish that she will suffer

irreparable harm, this Court recommends that the motion for a preliminary injunction be denied.

## CONCLUSION

Accordingly, for the reasons set forth above, it is hereby **RECOMMENDED**

1. Plaintiff's Amended Motion for a Preliminary Injunction, Dkt. No. 11, be **DENIED**.

2. Plaintiff's initial Motion for a Preliminary Injunction, Dkt. No. 7, be **DENIED AS MOOT**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested.

ENTER:

Dated: July 7, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE