IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| CHARLOTTE P. DAVIS a/k/a CHARLOTTE POOLE DAVIS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-0062 |
| v. | ) ) ) | |
| OSBERT POTTER, Former Lt. Governor of the Virgin Islands, TREGENZA ROACH, Lt. Governor of the Virgin Islands, ALBERT BRYAN, JR., Governor of the Virgin Islands, GOVERNMENT OF THE VIRGIN ISLANDS, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**JUDGMENT[1]**

**THIS MATTER** comes before the Court on the Report and Recommendation ("R&R") issued by Magistrate Judge Emile A. Henderson III, filed on August 7, 2024. (ECF No. 132.) Magistrate Judge Henderson recommended that: (1) Defendants Osbert Potter, Tregenza Roach, and Albert Bryan Jr.'s ("Defendants") motion for summary judgment, ECF No. 110, on the 42 U.S.C. § 1983 cause of action be granted; (2) Plaintiff Charlotte P. Davis' ("Plaintiff") cross-motion for summary judgment, ECF No. 117, on the 42 U.S.C. § 1983 cause of action be denied; (3) the Court decline to exercise supplemental jurisdiction over the slander of title cause of action; (4) the declaratory judgment and preliminary/permanent injunction[2] "causes of action" be dismissed; and (5) Plaintiff's Second Amended Complaint, ECF No. 102,

---

[1] Due to the retirement of the judge previously assigned to this case, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

[2] On March 30, 2024, Judge Wilma A. Lewis previously denied Plaintiff's amended motion for a preliminary injunction, ECF No. 16, and Plaintiff's initial motion for a preliminary injunction, ECF No. 7. (ECF No. 91.) Nonetheless, Plaintiff continued to include a preliminary injunction as relief sought in her amended pleading. (ECF No. 102.)

*Davis v. Potter*
Case No. 1:22-cv-0062
Order
Page **2** of **3**

be dismissed. *Id.* at 37-38. Plaintiff filed timely Objections to the R&R on August 21, 2024.[3] (ECF No. 133.) The Court conducted a de novo review of the record and has made an independent determination finding no error.[4] Accordingly, it is hereby

**ORDERED** that Plaintiff Charlotte P. Davis' Objection to the Magistrate Judge's Report and Recommendation, filed on August 21, 2024, ECF No. 133, is **OVERRULED;** it is further

**ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 132, is **APPROVED** and **ADOPTED** as an Order of this Court as if fully set forth herein; it is further

**ORDERED** that Defendants' Motion for Summary Judgment, filed on June 3, 2024, ECF No. 110, is **GRANTED;** it is further

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment, filed on June 13, 2024, ECF No. 117, is **DENIED;** it is further

**ORDERED, ADJUDGED, AND DECREED** that **JUDGMENT** is entered in favor of Defendants Osbert Potter, Tregenza Roach, and Albert Bryan Jr. and against Plaintiff on her claims for relief under 42 U.S.C. § 1983 as alleged in the Second Amended Complaint, ECF No. 102; and it is further

**ORDERED** that Plaintiff's slander of title cause of action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; it is further

---

[3] Defendants filed a timely reply to the Objections on September 3, 2024. (ECF No. 134.)

[4] *See Hill v. Barnacle*, 655 Fed. Appx. 142, 148 (3d Cir. 2016) (opining that the district court is not required to make separate findings or conclusions when reviewing a Magistrate Judge's report and recommendation de novo under 28 U.SC. § 636(b)) (citing *Elmendorf Grafica, Inc. v. D.S. America, Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995) (opining that "[28 U.S.C. § 636(b)] authorizes the district court to adopt in whole as well as in part the proposed findings and recommendations of the magistrate judge. Where, as here, the magistrate judge decided on an undisputed factual record, the district court was certainly not required to rehash the magistrate judge's reasoning. The role of the magistrate judge is 'to relieve courts of unnecessary work.'") (citations omitted).

*Davis v. Potter*
Case No. 1:22-cv-0062
Order
Page **3** of **3**

**ORDERED** that Plaintiff's request for relief in the form of a declaratory judgment or a preliminary injunction is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted; it is further

**ORDERED** that Plaintiff's Second Amended Complaint filed on April 23, 2024, ECF No. 102, is **DISMISSED;** it is further

**ORDERED** that a copy of this Order shall be served on Plaintiff Charlotte P. Davis at her last known address provided to the Court by certified mail return receipt requested and that a copy of the return receipt shall be filed on the docket; and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** this case.

**Dated:** March 31, 2026                    */s/ Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**